Nicholas Ranallo, Attorney at Law (SBN 4620985)
5058 57th Ave. South
Seattle, WA 98118
nick@ranallolawoffice.com
P: (831) 607-9229
F: (831) 533-5073
Attorney for Plaintiff Secure Cam, LLC

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| **Secure Cam, LLC**, a Wyoming limited liability company,<br><br>Plaintiff, v.<br><br>**Imagestore US Inc.**, a New York corporation,<br><br>Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Secure Cam, LLC ("Plaintiff") brings this complaint against Imagestore US Inc. ("Defendant"). As its complaint against Defendant, Plaintiff alleges as follows:

### **NATURE OF THE ACTION**

1. This is an action under 35 U.S.C. § 271 for infringement of United States Patent No. 7,257,158 ("the '158 Patent").

1

## THE PARTIES

2. Plaintiff Secure Cam, LLC, is a Wyoming limited liability company having a principal place of business at 30 N. Gould St. STE R, Sheridan, WY 82801.

3. Defendant Imagestore US Inc. is a New York company incorporated under the laws of New York and having a principal place of business at 7514 20th Avenue, Brooklyn, NY 11214.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent Law.

5. This Court has personal jurisdiction over the Defendant because, *inter alia*, it resides in the State of New York; regularly conducts business in the State of New York; and continues to commit acts of patent infringement in the State of New York including by making, using, offering to sell, and/or selling Accused Products within the State of New York and this Judicial District.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendant is subject to this Court's personal jurisdiction because, *inter alia*, Defendants have committed and continue to commit acts of patent infringement including making, using, offering to sell, and/or selling Accused Products in this district, and/or importing Accused Products into this district; Defendant has a principal place of business in this Judicial District, and Defendant is incorporated in this Judicial District.

## FACTS

7. Plaintiff is the owner, by assignment, of the '158 Patent, titled "System for Transmitting Video Images over a Computer Network to a Remote Receiver," which was duly and legally issued on August 14, 2007 by the United States Patent and Trademark Office ("USPTO"), and claims priority from Provisional Application 60/085,818, which was filed on May 18, 1998.

8. A copy of the '158 Patent is attached to this Complaint as Exhibit A.

9. The claims of the '158 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b) ('158 PATENT)

10. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11. Claim 12 of the '158 Patent covers "[a] system for transmitting a real-time video and remote control commands over a digital network, said system comprising a transmitter containing one or more digitized frames of said real-time video being transmitted, the digital network connected to said transmitter, and one or more remote receivers connected to said network for receiving said video from said transmitter, wherein at least one of said receivers is configured to receive one or more control commands from a user, wherein said transmitter is configured to receive and interpret at least one of said control commands from said one of said receivers over said network, and wherein, upon interpretation of said control command, said transmitter dynamically changes the operation of said transmitter while said video is being transmitted, whereby said user can remotely control the operation of said transmitter in substantially real-time."

12. Defendant manufactures, imports into the United States, offers for sale, and/or sells drone systems, which infringe at least Claim 12 of the '158 Patent ("Accused Product(s)").

13. Defendant's Accused Product(s) include, without limitation, the Fitnate Baby Monitor.

14. A claim chart comparing Claim 12 of the '158 Patent to the Accused Product(s) is attached as Exhibit B.

15. The Accused Product(s) includes a baby monitor system. *See* Exhibit B, p. 1.

16. The Accused Product(s) includes a transmitter module connected to the moveable camera that buffers and wirelessly sends the video feed supplied by the camera to an associated parent unit. *See* Exhibit B, p. 2.

17. The Accused Product(s) includes a 2.4 GHz frequency-hopping spread spectrum digital network that communicates the transmitter module and the parent unit. *See* Exhibit B, p. 3.

18. The Accused Product(s) includes a parent unit that receives video data captured by the movable camera, via the transmitter module over the wireless network. *See* Exhibit B, p. 4.

19. The Accused Product(s) includes buttons and associated software menu selections that allow the user of the of the parent unit to selectively, remotely, and digitally alter a characteristic of the video feed buffered and sent via the transmitter unit such that the parent unit sends commands to the transmitter module requiring that the video feed be delivered according to an initial digital resolution setting (Zoom x1) or to an enlarged digital resolution setting (Zoom x2) that expands and focuses on only a portion of each frame in the video feed under the Zoom x1 setting. *See* Exhibit B, p. 5.

20. The Accused Product(s) includes the transmitter module that receives and interprets the command signal from the parent unit. *See* Exhibit B, p. 6.

21. On information and belief, the operation of the transmitter module is changed when the "zoom" command function is activated by a user on the parent unit, at least by enlarging the video area at the center of each frame of the video feed received by the movable camera prior to transmission of that frame to the parent unit. *See* Exhibit B, p. 7.

22. The Accused Product(s) includes the parent unit that remotely activates the "Zoom" command in real time, while the video feed is buffered and sent by the transmitter module. *See* Exhibit B, p. 8.

23. Each one of the elements included in the Infringing System, itemized in paragraphs above, is an element in Claim 12 of the '158 Patent.

24. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '158 Patent.

25. As a direct and proximate result of Defendant's infringement of the '158 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

4

A.       In favor of Plaintiff that Defendant has infringed one or more claims of the '158 Patent, either literally or under the doctrine of equivalents;

B.       Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '158 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C.       For such other and further relief, as may be just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated:  September 12, 2018                                    Respectfully submitted,

/s/ Nicholas Ranallo
Nicholas Ranallo, Attorney at Law
NY Bar No. 4620985
5058 57th Ave. South
Seattle, WA 98118
nick@ranallolawoffice.com
P: (831) 607-9229
F: (831) 533-5073
Attorney for Plaintiff Secure Cam, LLC

Isaac P. Rabicoff
(Pro Hac Vice Admission Forthcoming)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

**Counsel for Plaintiff**